UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANCE PAYNE, | 1:11-cv-00614 AWI MJS HC |
| Petitioner, | ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | (Doc. 14) |
| G.D. LEWIS, Warden, | ORDER REQUIRING RESPONDENT TO PRODUCE RECORDS AND FILE A RESPONSE TO THE PETITION WITHIN THIRTY (30) DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Sarah J. Jacobs, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

On April 18, 2011, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On November 9, 2011, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to exhaust state remedies under 28 U.S.C. § 2254(b)(1). (Mot., ECF No. 14.)

///

///

## II. DISCUSSION

Respondent, in the motion to dismiss, states that Petitioner filed three petitions for relief in California state courts. Respondent specifically asserts that Petitioner's last petition filed in state court was filed with the California Court of Appeal, Fifth Appellate District, and denied on February 24, 2010.

However, according to the electronic docket of the California Supreme Court, Petitioner filed a petition for writ of habeas corpus with the court on April 7, 2010. See Payne on Habeas Corpus, California Supreme Court Case No. S181673 (2010).[1] Without a copy of the California Supreme Court petition, the Court cannot properly consider the present motion to dismiss.

In lieu of ordering Respondent to show cause why the factual contentions contained in the motion to dismiss do not violate Federal Rule of Civil Procedure 11(b)[2], the Court shall DENY Respondent's motion to dismiss without prejudice. Respondent shall be required to file a new response to the petition within 30 days of service of this order.

Respondent shall also be required to lodge a copy of the California Supreme Court petition with this Court. Rule 7 of the Rules Governing Section 2254 Cases ("Rule 7") allows the Court to require the parties to expand the record. Specifically, Rule 7 states:

**Expanding the Record**

**In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

See Rule 7. As stated in the advisory committee notes regarding the 2004 amendments to Rule 7, "the rule has been changed to remove the reference to the 'merits' of the petition in recognition that a court may wish to expand the record in order to assist it in deciding an issue other than the merits of the petition." Rule 7, advisory committee notes.

The Court requests that Respondent produce all relevant court records relating to

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

[2] To the extent that they are not inconsistent with the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may be applied. Rules Governing Section 2254 Cases, Rule 12.

Petitioner's habeas corpus petition filed with the California Supreme Court on April 7, 2010, California Supreme Court Case No. S181673.

### ORDER

It is hereby ORDERED that:

1. The motion to dismiss is DENIED without prejudice; (Doc. 14.)
2. Respondent is hereby ORDERED to produce all relevant court records relating to Petitioner's habeas corpus petition filed with the California Supreme Court on April 7, 2010, California Supreme Court Case No. S181673. Such records shall be filed with the Court within thirty (30) days of service of this order; and
3. Respondent is required to file a response to the petition within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated:    December 22, 2011            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE