IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**JAVANCE PAYNE,**

Petitioner,

**v.**

**G.D. LEWIS, Warden,**

Respondent.

Case No. 1:11-cv-00614 AWI MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent G.D. Lewis, Warden of Pelican Bay State Prison, is represented in this action by Sarah J. Jacobs, Esq., of the Office of the Attorney General for the State of California.

## I. BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon pleading guilty to voluntary manslaughter. (See Lodged Doc. 4.) On March 28, 2008 Petitioner was sentenced to an indeterminate sentence of twenty five years to life under California's Three Strikes Law. (Id.)

On February 24, 2009, the California Court of Appeal, Fifth Appellate District,

affirmed the judgment with instructions to amend the abstract of judgment to correctly reflect the crime of conviction. (Lodged Doc. 3.) Petitioner did not seek review before the California Supreme Court.

Petitioner proceeded to file four petitions for post-conviction collateral review in the California state courts.

1. Fresno County Superior Court
   Filed: October 6, 2009[1];
   Denied: December 3, 2009;

2. Fresno County Superior Court
   Filed: December 1, 2009[2];
   Denied: January 14, 2010;

3. California Court of Appeal, Fifth Appellate District
   Filed: February 1, 2010[3];
   Denied: February 24, 2010;

4. California Supreme Court
   Filed: April 5, 2010[4];
   Denied: October 13, 2010;

(See Lodged Docs. 5-12.)

On April 13, 2011,[5] Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On November 9, 2011, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to exhaust state remedies under 28 U.S.C. § 2254(b)(1). (Mot.,

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on October 8, 2009, pursuant to the mailbox rule the Court considers the petition filed on October 6, 2009, the date Petitioner signed the petition.

[2] Although the petition was filed on December 7, 2009, pursuant to the mailbox rule the Court considers the petition filed on December 1, 2009, the date Petitioner signed the petition.

[3] Although the petition was filed on February 19, 2010, pursuant to the mailbox rule the Court considers the petition filed on February 1, 2010, the date Petitioner signed the petition.

[4] Although the petition was filed on April 7, 2010, pursuant to the mailbox rule the Court considers the petition filed on April 5, 2010, the date Petitioner signed the petition.

[5] Although the petition was filed on April 18, 2011, pursuant to the mailbox rule the Court considers the petition filed on April 13, 2011, the date Petitioner signed the petition.

ECF No. 14.) The Court denied the motion to dismiss without prejudice on December 23, 2011. On February 22, 2012, Respondent filed an answer to the petition alleging that the petition is untimely, the claims are procedurally defaulted, and finally, that the claims fail on the merits. Petitioner did not file a traverse to the answer. Accordingly, the matter stands ready for adjudication.

## II. DISCUSSION

### A. Statute of Limitations

Respondent contends that the petition was filed after the one year statute of limitations expired.

#### 1. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).

In this case, the petition was filed on April 13, 2011, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The court issued its decision regarding the appeal on February 24, 2009. (Lodged Doc. 3.) The Court of Appeal's decision became final the same day. See Cal. Rules of Court 8.264(b)(2)(B). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on April 5, 2009, upon expiration of the forty-day period within which to file and serve a petition for review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654, 181 L. Ed. 2d 619 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run the following day, on April 6, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from April 6, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until April 13, 2011, over a year after the statute of limitations period expired. Absent the later commencement of the statute of limitations or applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

///

2. Tolling of the Statute of Limitations Period During State Court Appeals

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner filed state habeas petitions beginning on October 6, 2009, in the Fresno County Superior Court. As of October 6, 2009, 183 days of the limitations period had elapsed. Respondent asserts that Petitioner is not entitled to tolling during the pendency of his first habeas petition as Petitioner did not verify the petition, thereby making the petition improperly filed. While the Fresno County Superior Court denied the petition on such grounds, upon review of the habeas petition, it appears that Petitioner did properly sign and verify the petition. Petitioner did not sign the verification on the bottom of page six, but rather on the top of page seven of the petition (the proof of service page), Petitioner properly signed and verified the petition. (See Lodged Doc. 5.) Accordingly, the petition was properly filed and entitled to tolling. The petition was denied on December 3, 2009, and Petitioner filed a second petition on December 1, 2009. See Drew v. Department of Corrections, 297 F.3d 1278, 1284 (11th Cir. 2002) ("[T]he fact that a motion is successive does not render it improperly filed.")

Respondent does not contest that Petitioner is entitled to tolling during the pendency of, and during the gaps between, Petitioner's subsequent state petitions. Accordingly, Petitioner is entitled to tolling from October 6, 2009 to October 13, 2010, when his California Supreme Court Petition was denied.

As 183 days of the limitations period already elapsed, 182 remained as of October 13, 2010. Accordingly, the limitations period expired 182 days later on April 13, 2011. Petitioner, with the benefit of the mail-box rule filed his federal habeas petition on April 13, 2011. The petition is timely, and shall not be dismissed based on the AEDPA statute of limitations.

**B. Procedural Default**

Respondent asserts that the claims set forth in Petitioner's state habeas petitions are subject to procedural default. In the last reasoned decision, the California Court of Appeal, Fifth Appellate District denied the petition based on a state procedural bar. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.") The court addressed Petitioner's claims as follows:

> Petitioner has failed to show why his admission of the two prior convictions did not terminate any duty the trial court had to review the sufficiency of the evidence supporting those strikes. Also, petitioner failed to raise these issues in his appeal in case No. F055218. Petitioner has failed to show why that failure should not preclude his raising this issue by way of habeas corpus. (In re Walker (1974) 10 Cal.3d 764, 773-775).

(Lodged Doc. No. 10.)

The case of In re Walker 10 Cal.3d 764, 773-775 (1974) cited In re Dixon, 41 Cal.2d 756, 759 (1953) for the proposition that “the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.” This is known as the "Dixon rule." Fields v. Calderon, 125 F.3d 757, 762 (9th Cir. 1997); In re Dixon, 41 Cal.2d at 759.

////

1. Analysis

Respondent argues that the petition is procedurally barred. A state court's refusal to hear the merits of a claim because of the petitioner's failure to follow a state procedural rule is considered a denial of relief on an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255, 260-61 (1989). The state rule for these purposes is only "adequate" if it is "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 424 (1991); see also Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-established and consistently applied."). The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (citing Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)). Furthermore, procedural default can only block a claim in federal court if the state court, "clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263. This means that the state court must have specifically stated that it was denying relief on a procedural ground. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993). Nevertheless, even if the state rule is independent and adequate, the claim may be reviewed by the federal court if the petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

Here, the state court cited In re Walker to apply the Dixon rule to deny the claims in the petition. Dixon states that:

> [t]he general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claims errors could have been, but were not, raised upon a timely appeal from the judgment of conviction.

41 Cal. 2d at 759. Thus, pursuant to Dixon, a California court will not review the merits of a claim in a state habeas proceeding if it could have been raised in a timely appeal but was not.

2. Is the Dixon Rule an Adequate State Ground?

The Supreme Court explained that "a discretionary rule can serve as an adequate ground to bar federal habeas review," and that a rule may be adequate "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." Beard v. Kindler, 130 S. Ct. 612, 618 (2009); see also Martin, 131 S. Ct. at 1128-29. As the Supreme Court recently observed in Martin, 131 S. Ct. at 1130, "[d]iscretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule." Such discretion is applicable to the Dixon rule because a state court may find that special circumstances excuse a petitioner's failure to raise a ground on appeal. See, e.g., Fleeman v. Castro, 2009 U.S. Dist. LEXIS 1278, 2009 WL 33241, at *7 (E.D. Cal. Jan. 6, 2009) (the Dixon rule is "discretionary in that it admits of the possibility of exceptions for 'special circumstances constituting an excuse' for failure to raise a claim by way of direct appeal and when such circumstances are found, the California Supreme Court may entertain the claim"); Jones v. Ayers, 2008 U.S. Dist. LEXIS 26772, 2008 WL 906302, at *28 (E.D. Cal. Mar. 31, 2008) (finding the Dixon rule to be discretionary because, as set forth in Park, 202 F.3d at 1152, the California Supreme Court explained in Harris that exceptions are applicable to the Dixon rule that admit the possibility that the California Supreme Court may entertain a claim not raised on direct appeal). Accordingly, the Court may look to the Supreme Court's recent decision in Martin for guidance in evaluating the adequacy of the state courts' application of the Dixon rule. See, e.g., Lee v. Mitchell, 2012 U.S. Dist. LEXIS 83503 (C.D. Cal. May 1, 2012); Jensen v. Hernandez, 2012 U.S. Dist. LEXIS 45673, 2012 WL 1130599, at *11-12 (E.D. Cal. Mar. 30, 2012) (citing Martin in considering, in part, a Dixon bar); Peyton v. Lopez, 2012 U.S. Dist. LEXIS 50350, 2012 WL 1203484, at *7 (C.D. Cal. Feb. 22, 2012) (same).

Second, to be "adequate," the procedural rule in question must be "firmly established and regularly followed." Martin, 131 S.Ct. at 1127 (citing Kindler, 130 S.Ct. at 618). "In determining the adequacy of the procedural bar, state cases applying the

procedural bar after the time of the petitioner's default are irrelevant." Bennett v. Mueller, 364 F. Supp. 2d 1160, 1167 (C.D. Cal. 2005). Here, Petitioner has not presented evidence regarding the regular application of the procedural bar either before or after filing his petition.

The United States Supreme Court has made it clear that a state procedural rule can serve as an adequate bar to federal habeas review "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." Kindler, 130 S. Ct. at 618; see also Martin, 131 S. Ct. at 1128, 1129 ("We see no reason to reject California's time bar simply because a court may opt to bypass the [untimeliness] assessment and summarily dismiss a petition on the merits, if that is the easier path."). Moreover, as Judge Kozinski recently noted, there is no "existing Ninth Circuit precedent holding that the Dixon rule is inadequate." Cree v. Sisto, 2011 U.S. Dist. LEXIS 3648, 2011 WL 66253, at *2 (E.D. Cal. Jan 7, 2011) (Kozinski, J., sitting by designation).

The Court finds that the evidence reflects that the Dixon rule was well established and regularly followed in the time leading up to Petitioner's default.

3. Is the Dixon Rule an Independent State Ground?

Prior to 1998, the Dixon rule was determined to not be independent of federal law. See Park, 202 F.3d at 1152-53. In Park, the Ninth Circuit reasoned that application of the Dixon rule necessarily was interwoven with federal law because there was a fundamental constitutional error exception to the Dixon rule under state law. See id. at 1152-53. However, in In re Robbins, 18 Cal. 4th 770 (1998), the California Supreme Court held "that henceforth California courts would no longer determine whether an error alleged in a state petition constituted a federal constitutional violation." See Bennett, 322 F.3d at 581. In Bennett, the Ninth Circuit held, "we respect the California Supreme Court's sovereign right to interpret its state constitution independent of federal law" and, as a result found California untimeliness rule was independent. See id. at 581-83. Thus, under these particular circumstances, the California Supreme Court's invocation of Dixon

in October 2008 after Robbins was decided would also be an independent state ground. See id. at 582-83; see also Park, 202 F.3d at 1153 n. 4 (9th Cir. 2000). See Cree v. Sisto, Civ. No. 08-487, 2011 U.S. Dist. LEXIS 3648, 2011 WL 66253, at *2 (E.D. Cal. Jan 7, 2011) (Kozinski, J., sitting by designation); see also Rhodes v. Uribe, 2012 U.S. Dist. LEXIS 36921, 2012 WL 928434, at *4 (C.D. Cal. Feb. 10, 2012) (finding that the Dixon rule was independent and adequate); Cantrell v. Evans, 2010 U.S. Dist. LEXIS 35955, 2010 WL 1170063, at *13-14 (E.D. Cal. Mar. 23, 2010) (same) (McKeown, J., sitting by designation); Lee v. Mitchell, 2012 U.S. Dist. LEXIS 83503 (C.D. Cal. May 1, 2012) (same).

As the Dixon rule is an independent and adequate state ground, the petition is deemed procedurally defaulted unless Petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or that failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Petitioner makes no argument to overcome this procedural default. Accordingly, the Court recommends that the petition be denied as procedurally defaulted. Having found the claims of the petition to be procedurally defaulted, the Court need not address the merits of the claims.

## III. CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DENIED as procedurally defaulted.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 22, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE