1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **JAVANCE PAYNE,** | Case No. 1:11-cv-00614 AWI MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | |
| **G.D. LEWIS, Warden,** | |
| Respondent. | |

11
12
13
14
15
16
17

18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254. Respondent G.D. Lewis, Warden of Pelican Bay

20   State Prison, is represented in this action by Sarah J. Jacobs, Esq., of the Office of the

21   Attorney General for the State of California.

22   **I.     BACKGROUND**

23       Petitioner is currently in the custody of the California Department of Corrections

24   pursuant to a judgment of the Superior Court of California, County of Fresno, upon

25   pleading guilty to voluntary manslaughter. (See Lodged Doc. 4.) On March 28, 2008

26   Petitioner was sentenced to an indeterminate sentence of twenty five years to life under

27   California's Three Strikes Law. (Id.)

28       On February 24, 2009, the California Court of Appeal, Fifth Appellate District,

1

1  affirmed the judgment with instructions to amend the abstract of judgment to correctly

2  reflect the crime of conviction. (Lodged Doc. 3.) Petitioner did not seek review before the

3  California Supreme Court.

4         Petitioner proceeded to file four petitions for post-conviction collateral review in

5  the California state courts.

6       1.    <u>Fresno County Superior Court</u>
             Filed: October 6, 2009[1];
7            Denied: December 3, 2009;

8       2.    <u>Fresno County Superior Court</u>
             Filed: December 1, 2009[2];
9            Denied: January 14, 2010;

10      3.    <u>California Court of Appeal, Fifth Appellate District</u>
             Filed: February 1, 2010[3];
11           Denied: February 24, 2010;

12      4.    <u>California Supreme Court</u>
             Filed: April 5, 2010[4];
13           Denied: October 13, 2010;

14 (<u>See</u> Lodged Docs. 5-12.)

15        On April 13, 2011,[5] Petitioner filed the instant federal Petition for Writ of Habeas

16 Corpus in this Court. On November 9, 2011, Respondent filed a motion to dismiss the

17 petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. §

18 2244(d) and for failure to exhaust state remedies under 28 U.S.C. § 2254(b)(1). (Mot.,

19

20       [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section
21 2254 Cases. Although the petition was filed on October 8, 2009, pursuant to the mailbox rule the Court considers the petition filed on October 6, 2009, the date Petitioner signed the petition.

22
         [2] Although the petition was filed on December 7, 2009, pursuant to the mailbox rule the Court
23 considers the petition filed on December 1, 2009, the date Petitioner signed the petition.

24       [3] Although the petition was filed on February 19, 2010, pursuant to the mailbox rule the Court considers the petition filed on February 1, 2010, the date Petitioner signed the petition.

25
         [4] Although the petition was filed on April 7, 2010, pursuant to the mailbox rule the Court considers
26 the petition filed on April 5, 2010, the date Petitioner signed the petition.

27       [5] Although the petition was filed on April 18, 2011, pursuant to the mailbox rule the Court considers the petition filed on April 13, 2011, the date Petitioner signed the petition.

28

1   ECF No. 14.) The Court denied the motion to dismiss without prejudice on December 23,

2   2011. On February 22, 2012, Respondent filed an answer to the petition alleging that the

3   petition is untimely, the claims are procedurally defaulted, and finally, that the claims fail

4   on the merits. Petitioner did not file a traverse to the answer. Accordingly, the matter

5   stands ready for adjudication.

6   **II.   DISCUSSION**

7        **A.   Statute of Limitations**

8        Respondent contends that the petition was filed after the one year statute of

9   limitations expired.

10               1.   Commencement of Limitations Period Under 28 U.S.C. §
                       2244(d)(1)(A)

11       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

12   Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all

13   petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy,

14   521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

15   Cir. 1997) (en banc).

16       In this case, the petition was filed on April 13, 2011, and is subject to the

17   provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

18   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

19   amended, § 2244, subdivision (d) reads:

20   (1)  A 1-year period of limitation shall apply to an application for a writ of
21        habeas corpus by a person in custody pursuant to the judgment of a State
          court.  The limitation period shall run from the latest of –

22              (A) the date on which the judgment became final by the conclusion
23              of  direct  review  or  the  expiration  of  the  time  for  seeking  such
                review;

24              (B) the date on which the impediment to filing an application
25              created by State action in violation of the Constitution or laws of the
                United States is removed, if the applicant was prevented from filing
26              by such State action;

27              (C) the date on which the constitutional right asserted was initially
                recognized by the Supreme Court, if the right has been newly
                recognized  by  the  Supreme  Court  and  made  retroactively
28              applicable to cases on collateral review; or

3

1

2

           (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

4

5

           (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

28 U.S.C. § 2244(d).

7

        Under § 2244(d)(1)(A), the limitations period begins running on the date that the

8

Petitioner's direct review became final or the date of the expiration of the time for

9

seeking such review. In this case, Petitioner filed an appeal with the California Court of

10

Appeal, Fifth Appellate District. The court issued its decision regarding the appeal on

11

February 24, 2009. (Lodged Doc. 3.) The Court of Appeal's decision became final the

12

same day. See Cal. Rules of Court 8.264(b)(2)(B). Petitioner did not seek review in the

13

California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's

14

judgment of conviction became final on April 5, 2009, upon expiration of the forty-day

15

period within which to file and serve a petition for review with the California Supreme

16

Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654, 181 L. Ed. 2d 619 (2012); Cal.

17

Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run

18

the following day, on April 6, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.

19

2001).

20

        Petitioner would have one year from April 6, 2009, absent applicable tolling, in

21

which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in

22

filing the instant petition until April 13, 2011, over a year after the statute of limitations

23

period expired. Absent the later commencement of the statute of limitations or applicable

24

tolling, the instant petition is barred by the statute of limitations. Petitioner has made no

25

showing that the statute of limitations should commence at a later date under §

26

2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that

27

the petition is not barred by the statute of limitations.

28

///

2.    <u>Tolling of the Statute of Limitations Period During State Court Appeals</u>

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id.</u>

Petitioner filed state habeas petitions beginning on October 6, 2009, in the Fresno County Superior Court. As of October 6, 2009, 183 days of the limitations period had elapsed. Respondent asserts that Petitioner is not entitled to tolling during the pendency of his first habeas petition as Petitioner did not verify the petition, thereby making the petition improperly filed. While the Fresno County Superior Court denied the petition on such grounds, upon review of the habeas petition, it appears that Petitioner did properly sign and verify the petition. Petitioner did not sign the verification on the bottom of page six, but rather on the top of page seven of the petition (the proof of service page), Petitioner properly signed and verified the petition. (<u>See</u> Lodged Doc. 5.) Accordingly, the petition was properly filed and entitled to tolling. The petition was denied on December 3, 2009, and Petitioner filed a second petition on December 1, 2009. <u>See</u> <u>Drew v. Department of Corrections</u>, 297 F.3d 1278, 1284 (11th Cir. 2002) ("[T]he fact that a motion is successive does not render it improperly filed.")

1   Respondent does not contest that Petitioner is entitled to tolling during the

2   pendency of, and during the gaps between, Petitioner's subsequent state petitions.

3   Accordingly, Petitioner is entitled to tolling from October 6, 2009 to October 13, 2010,

4   when his California Supreme Court Petition was denied.

5   As 183 days of the limitations period already elapsed, 182 remained as of

6   October 13, 2010. Accordingly, the limitations period expired 182 days later on April 13,

7   2011. Petitioner, with the benefit of the mail-box rule filed his federal habeas petition on

8   April 13, 2011. The petition is timely, and shall not be dismissed based on the AEDPA

9   statute of limitations.

10   **B.   Procedural Default**

11   Respondent asserts that the claims set forth in Petitioner's state habeas petitions

12   are subject to procedural default. In the last reasoned decision, the California Court of

13   Appeal, Fifth Appellate District denied the petition based on a state procedural bar. Ylst

14   v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state

15   judgment rejecting a federal claim, later unexplained orders upholding that judgment or

16   rejecting the same claim rest upon the same ground.") The court addressed Petitioner's

17   claims as follows:

18   Petitioner has failed to show why his admission of the two prior
    convictions did not terminate any duty the trial court had to review the
19   sufficiency of the evidence supporting those strikes. Also, petitioner failed
    to raise these issues in his appeal in case No. F055218. Petitioner has
20   failed to show why that failure should not preclude his raising this issue by
    way of habeas corpus. (In re Walker (1974) 10 Cal.3d 764, 773-775).
21
22   (Lodged Doc. No. 10.)

23   The case of In re Walker 10 Cal.3d 764, 773-775 (1974) cited In re Dixon, 41

    Cal.2d 756, 759 (1953) for the proposition that "the writ will not lie where the claimed
24
    errors could have been, but were not, raised upon a timely appeal from a judgment of
25
    conviction." This is known as the "Dixon rule." Fields v. Calderon, 125 F.3d 757, 762 (9th
26
    Cir. 1997); In re Dixon, 41 Cal.2d at 759.
27
    ////
28

1          1.      <u>Analysis</u>

2          Respondent argues that the petition is procedurally barred. A state court's refusal

3    to hear the merits of a claim because of the petitioner's failure to follow a state

4    procedural rule is considered a denial of relief on an independent and adequate state

5    ground. <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 260-61 (1989). The state rule for these

6    purposes is only "adequate" if it is "firmly established and regularly followed." <u>Ford v.</u>

7    <u>Georgia</u>, 498 U.S. 411, 424 (1991); <u>see also</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 583 (9th

8    Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-

9    established and consistently applied."). The state rule must also be "independent" in that

10   it is not "interwoven with the federal law." <u>Park v. California</u>, 202 F.3d 1146, 1152 (9th

11   Cir. 2000) (citing <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983)). Furthermore,

12   procedural default can only block a claim in federal court if the state court, "clearly and

13   expressly states that its judgment rests on a state procedural bar." <u>Harris</u>, 489 U.S. at

14   263. This means that the state court must have specifically stated that it was denying

15   relief on a procedural ground. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991);

16   <u>Acosta-Huerta v. Estelle</u>, 7 F.3d 139, 142 (9th Cir. 1993). Nevertheless, even if the state

17   rule is independent and adequate, the claim may be reviewed by the federal court if the

18   petitioner can show: (1) cause for the default and actual prejudice as a result of the

19   alleged violation of federal law; or (2) that failure to consider the claims will result in a

20   fundamental miscarriage of justice. <u>See</u> <u>Coleman</u>, 501 U.S. at 750.

21          Here, the state court cited <u>In re Walker</u> to apply the <u>Dixon</u> rule to deny the claims

22   in the petition. <u>Dixon</u> states that:

23              [t]he general rule is that habeas corpus cannot serve as a
             substitute for an appeal, and, in the absence of special circumstances
24           constituting an excuse for failure to employ that remedy, the writ will not lie
             where the claims errors could have been, but were not, raised upon a
25           timely appeal from the judgment of conviction.

26   41 Cal. 2d at 759. Thus, pursuant to <u>Dixon</u>, a California court will not review the merits of

27   a claim in a state habeas proceeding if it could have been raised in a timely appeal but

28   was not.

1          2.        Is the Dixon Rule an Adequate State Ground?

2          The Supreme Court explained that "a discretionary rule can serve as an adequate

3   ground to bar federal habeas review," and that a rule may be adequate "even if the

4   appropriate exercise of discretion may permit consideration of a federal claim in some

5   cases but not others." Beard v. Kindler, 130 S. Ct. 612, 618 (2009); see also Martin, 131

6   S. Ct. at 1128-29. As the Supreme Court recently observed in Martin, 131 S. Ct. at 1130,

7   "[d]iscretion enables a court to home in on case-specific considerations and to avoid the

8   harsh results that sometimes attend consistent application of an unyielding rule." Such

9   discretion is applicable to the Dixon rule because a state court may find that special

10  circumstances excuse a petitioner's failure to raise a ground on appeal. See, e.g.,

11  Fleeman v. Castro, 2009 U.S. Dist. LEXIS 1278, 2009 WL 33241, at *7 (E.D. Cal. Jan. 6,

12  2009) (the Dixon rule is "discretionary in that it admits of the possibility of exceptions for

13  'special circumstances constituting an excuse' for failure to raise a claim by way of direct

14  appeal and when such circumstances are found, the California Supreme Court may

15  entertain the claim"); Jones v. Ayers, 2008 U.S. Dist. LEXIS 26772, 2008 WL 906302, at

16  *28 (E.D. Cal. Mar. 31, 2008) (finding the Dixon rule to be discretionary because, as set

17  forth in Park, 202 F.3d at 1152, the California Supreme Court explained in Harris that

18  exceptions are applicable to the Dixon rule that admit the possibility that the California

19  Supreme Court may entertain a claim not raised on direct appeal). Accordingly, the

20  Court may look to the Supreme Court's recent decision in Martin for guidance in

21  evaluating the adequacy of the state courts' application of the Dixon rule. See, e.g., Lee

22  v. Mitchell, 2012 U.S. Dist. LEXIS 83503 (C.D. Cal. May 1, 2012); Jensen v. Hernandez,

23  2012 U.S. Dist. LEXIS 45673, 2012 WL 1130599, at *11-12 (E.D. Cal. Mar. 30, 2012)

24  (citing Martin in considering, in part, a Dixon bar); Peyton v. Lopez, 2012 U.S. Dist.

25  LEXIS 50350, 2012 WL 1203484, at *7 (C.D. Cal. Feb. 22, 2012) (same).

26          Second, to be "adequate," the procedural rule in question must be "firmly

27  established and regularly followed." Martin, 131 S.Ct. at 1127 (citing Kindler, 130 S.Ct. at

28  618). "In determining the adequacy of the procedural bar, state cases applying the

8

1  procedural bar after the time of the petitioner's default are irrelevant." Bennett v. Mueller,

2  364 F. Supp. 2d 1160, 1167 (C.D. Cal. 2005). Here, Petitioner has not presented

3  evidence regarding the regular application of the procedural bar either before or after

4  filing his petition.

5      The United States Supreme Court has made it clear that a state procedural rule

6  can serve as an adequate bar to federal habeas review "even if the appropriate exercise

7  of discretion may permit consideration of a federal claim in some cases but not others."

8  Kindler, 130 S. Ct. at 618; see also Martin, 131 S. Ct. at 1128, 1129 ("We see no reason

9  to reject California's time bar simply because a court may opt to bypass the

10  [untimeliness] assessment and summarily dismiss a petition on the merits, if that is the

11  easier path."). Moreover, as Judge Kozinski recently noted, there is no "existing Ninth

12  Circuit precedent holding that the Dixon rule is inadequate." Cree v. Sisto, 2011 U.S.

13  Dist. LEXIS 3648, 2011 WL 66253, at *2 (E.D. Cal. Jan 7, 2011) (Kozinski, J., sitting by

14  designation).

15      The Court finds that the evidence reflects that the Dixon rule was well established

16  and regularly followed in the time leading up to Petitioner's default.

17          3.      Is the Dixon Rule an Independent State Ground?

18      Prior to 1998, the Dixon rule was determined to not be independent of federal law.

19  See Park, 202 F.3d at 1152-53. In Park, the Ninth Circuit reasoned that application of

20  the Dixon rule necessarily was interwoven with federal law because there was a

21  fundamental constitutional error exception to the Dixon rule under state law. See id. at

22  1152-53. However, in In re Robbins, 18 Cal. 4th 770 (1998), the California Supreme

23  Court held "that henceforth California courts would no longer determine whether an error

24  alleged in a state petition constituted a federal constitutional violation." See Bennett, 322

25  F.3d at 581. In Bennett, the Ninth Circuit held, "we respect the California Supreme

26  Court's sovereign right to interpret its state constitution independent of federal law" and,

27  as a result found California untimeliness rule was independent. See id. at 581-83. Thus,

28  under these particular circumstances, the California Supreme Court's invocation of Dixon

9

1    in October 2008 after <u>Robbins</u> was decided would also be an independent state ground.

2    <u>See</u> <u>id.</u> at 582-83; <u>see also</u> <u>Park</u>, 202 F.3d at 1153 n. 4 (9th Cir. 2000). <u>See</u> <u>Cree v.</u>

3    <u>Sisto</u>, Civ. No. 08-487, 2011 U.S. Dist. LEXIS 3648, 2011 WL 66253, at *2 (E.D. Cal.

4    Jan 7, 2011) (Kozinski, J., sitting by designation); <u>see also</u> <u>Rhodes v. Uribe</u>, 2012 U.S.

5    Dist. LEXIS 36921, 2012 WL 928434, at *4 (C.D. Cal. Feb. 10, 2012) (finding that the

6    Dixon rule was independent and adequate); <u>Cantrell v. Evans</u>, 2010 U.S. Dist. LEXIS

7    35955, 2010 WL 1170063, at *13-14 (E.D. Cal. Mar. 23, 2010) (same) (McKeown, J.,

8    sitting by designation); <u>Lee v. Mitchell</u>, 2012 U.S. Dist. LEXIS 83503 (C.D. Cal. May 1,

9    2012) (same).

10    As the <u>Dixon</u> rule is an independent and adequate state ground, the petition is

11    deemed procedurally defaulted unless Petitioner can show cause for the default and

12    actual prejudice as a result of the alleged violation of federal law or that failure to

13    consider the claims will result in a fundamental miscarriage of justice. <u>See</u> <u>Coleman</u>, 501

14    U.S. at 750. Petitioner makes no argument to overcome this procedural default.

15    Accordingly, the Court recommends that the petition be denied as procedurally

16    defaulted. Having found the claims of the petition to be procedurally defaulted, the Court

17    need not address the merits of the claims.

18    **III.    CONCLUSION AND RECOMMENDATION**

19    Therefore it is RECOMMENDED that the petition for writ of habeas corpus be

20    DENIED as procedurally defaulted.

21    These findings and recommendations are submitted to the United States District

22    Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

23    (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

24    Eastern District of California. Within thirty (30) days after being served with a copy, any

25    party may file written objections with the Court and serve a copy on all parties. Such a

26    document should be captioned "Objections to Magistrate Judge's Findings and

27    Recommendations." Replies to the objections shall be served and filed within fourteen

28    (14) days (plus three days if served by mail) after service of the objections. The Court

1   will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

2   parties are advised that failure to file objections within the specified time may waive the

3   right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 22, 2013                           /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE